The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 16, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: January 16, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JACQUELINE HUGHLEY, | ) | Case No. 17-41946 |
|     Debtor. | ) | |
| _____ | ) | Judge Arthur I. Harris |
| | ) | |
| LINDA E. HUFFMAN, | ) | |
|     Plaintiff. | ) | Adversary Proceeding |
| v. | ) | No. 18-4003 |
| | ) | |
| JACQUELINE V. HOLDEN, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the motion for summary judgment (Docket No. 27) of plaintiff-creditor Linda E. Huffman ("creditor" or "Huffman"). The creditor contends that she is entitled to summary judgment in her nondischargeability action against the defendant-debtor Jacqueline V. Holden

---

[1] This Opinion is not intended for official publication.

("debtor" or "Holden") based on the issue preclusive effect of a default judgment entered against the debtor in an Ohio state court. For the reasons that follow, the creditor's motion for summary judgment is denied.

## JURISDICTION

The Court has jurisdiction over this action. Determinations of dischargeability under 11 U.S.C. § 523 are core proceedings under 28 U.S.C. § 157(b)(2)(I) and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKRGOUND

The following facts are not in dispute. On February 16, 2016, the creditor filed a complaint against the debtor in the Mahoning County Court of Common Pleas. *See* Motion for Summary Judgment at Exhibit 1 (Docket No. 27). In her complaint, the creditor alleged that the debtor "knowingly, intentionally, maliciously, willfully, wantonly and in reckless disregard of the rights of [creditor]" damaged the creditor's real property in Youngstown, Ohio, while living there as a tenant. After the debtor failed to answer or otherwise respond to the complaint, the creditor filed a motion for default judgment and a motion for a hearing on assessment of damages. *See* Motion for Summary Judgment at Exhibits 2 and 3. On June 8, 2016, the debtor appeared in the action by filing a

written request for a continuance. *See* Motion for Summary Judgment at Exhibit 5. The state court granted that request and rescheduled the matter for a status conference on July 28, 2016, but cautioned the debtor that the status conference would be converted to a hearing on the creditor's motion for default judgment and an assessment of damages if the debtor failed to respond to the complaint. *See* Motion for Summary Judgment at Exhibit 6. When the debtor failed to respond or attend the status conference on July 28, 2016, the state court converted the status conference to a hearing on the creditor's motion for default judgment and an assessment of damages. During the hearing on the assessment of damages, the creditor presented both testimony and documentary evidence. On September 13, 2016, the state court granted the creditor's motion for default judgment and awarded the creditor compensatory damages in the amount of $62,281.45 plus costs and interest at the statutory rate from June 10, 2015, along with punitive damages in the amount of $10,000. *See* Motion for Summary Judgment at Exhibit 7.

On October 5, 2017, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On January 11, 2018, the creditor commenced the above-captioned adversary proceeding, seeking to except the state court judgment from discharge pursuant to subsection 523(a)(6) of the Bankruptcy Code.

On November 15, 2018, the creditor moved for summary judgment, arguing that the doctrine of issue preclusion binds this Court to the state court's findings of fact and that these findings require this Court to except the state court judgment from discharge (Docket No. 27). The debtor responded on December 10, 2018, arguing that the state court judgment does not preclude litigation of the dischargeability exception and that there are disputed material facts which must be determined at trial (Docket No. 28). On December 13, 2018, the creditor filed a reply brief asserting that the state court judgment was entitled to issue preclusive effect and establishes the elements for nondischargeability under subsection 523(a)(6) as a matter of law (Docket No. 29).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh

4

the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## DISCHARGEABILITY UNDER 11 § U.S.C. 523(a)(6)

Section 523 of the Bankruptcy Code provides, in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge an individual from any debt—
> . . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity. . . .

11 U.S.C. § 523(a)(6). In order to except a debt from discharge under subsection 523(a)(6), the creditor has the burden of proving by a preponderance of the evidence that the debtor's conduct was willful and malicious. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991) (distinguishing between a creditor's burden to prove validity of a claim and burden to prove nondischargeability). The injury must be both willful and malicious. *See In re Markowitz,* 190 F.3d 455, 463 (6th Cir. 1999); *In re Trantham*, 304 B.R. 298, 306 (B.A.P. 6th Cir. 2004). A

5

willful and malicious injury must be "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."  *Kawaauhua v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original).

ISSUE PRECLUSION

The creditor argues that based on the state court judgment and the doctrine of issue preclusion, this Court is required to enter a finding of nondischargeability as a matter of law.  Issue preclusion, sometimes referred to as collateral estoppel, prevents the same parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit.  *See Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 704 (6th Cir. 1999).  It is well established that issue preclusion principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent relitigation of issues that were already decided in a state court.  *See, e.g.*, *Grogan*, 498 U.S. at 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Stone v. Kirk*, 8 F.3d 1079, 1090 (6th Cir. 1993) ("That 'Congress intended the bankruptcy court to determine the final result – dischargeability or not – does not require the bankruptcy court to redetermine all the underlying facts.' ").

6

Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380-81 (1985). A bankruptcy court must give the same issue preclusive effect to a state court judgment as the judgment would be given under that state's law. *See Marrese*, 470 U.S. at 381. Accordingly, in this case the Court will apply Ohio's law on issue preclusion to the Ohio court's judgment against the debtor. *In re Fordu*, 201 F.3d at 703.

> Under Ohio law, the doctrine of issue preclusion
>
> applies when a fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.'

*Id.* at 704 (quoting *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994)); *accord In re Sweeney*, 276 B.R. 186, 192-95 (B.A.P. 6th Cir. 2002) (applying "actually and directly litigated" element of Ohio issue preclusion law); *In re Rebarchek*, 293 B.R. 400, 405 (Bankr. N.D. Ohio 2002) (same).

In this case, the critical question is whether an issue can be considered "actually and directly litigated" in a prior suit when the party against whom the

judgment was rendered did not answer in the prior suit. Ohio case law on the preclusive effect of such a default judgment is sparse. In *In re Sweeney*, the Bankruptcy Appellate Panel for the Sixth Circuit reviewed the handful of Ohio cases on the subject and concluded that while a default judgment may have preclusive effect in Ohio "as to an issue that was the subject of an 'express adjudication,' . . . an unanswered complaint and the default judgment based on it do not, by themselves, constitute an express adjudication." 276 B.R. at 193.

Decisions by the Ohio Supreme Court have either favorably cited or expressly adopted the Restatement's rules on issue and claim preclusion. *See State v. Williams*, 76 Ohio St. 3d 290, 295 (1996) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1980)); *Grava v. Parkman Township*, 73 Ohio St. 3d 379, 382 (1995) (adopting RESTATEMENT (SECOND) OF JUDGMENTS §§ 24-25 (1982)). Therefore, the Court believes that, were the Ohio Supreme Court to pass directly on the question, it would adopt the Restatement's view that a default judgment generally does not have issue preclusive effect. Section 27 of the Restatement (Second) of Judgments states:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

8

Comment e of section 27 states: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action." *Cf. Fleet Consumer Disc. Co. v. Graves (In re Graves)*, 33 F.3d 242 (3d Cir. 1994) (concluding that Pennsylvania courts would follow comment e of Restatement § 27 and not give issue preclusive effect to a default judgment); *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981) ("If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court." (applying federal common law pre-*Marrese*)).

In this case, the debtor did appear in the state court action to request a continuance of the hearing on the creditor's motion for default judgment. But that was the debtor's only correspondence in the case. The debtor never answered the creditor's complaint, nor did she appear at the rescheduled status conference after her request for a continuance was granted. The debtor's single request in the state court action, standing alone, does not constitute an attempt to defend or otherwise respond to the creditor's complaint. Therefore, the Court cannot say that the issues raised in the creditor's complaint were "actually and directly litigated" in the prior action. *Cf. In re Leonard*, 644 F. App'x 612, 617 (6th Cir. 2016) (giving

9

preclusive effect to a federal court default judgment entered as "a procedural sanction for lack of good-faith participation in the litigation process" after the defendant "engaged several attorneys, filed an answer and amended answer, served and responded to discovery requests, and appeared personally at the pretrial conference."); *Dardinger v. Dardinger (In re Dardinger)*, 566 B.R. 481, 496-97 (Bankr. S.D. Ohio 2017) (giving issue preclusive effect to penalty default judgment when the debtor was actively involved in the state court action, asserted counterclaims, participated in discovery, and defended against the plaintiff's motion for summary judgment).

Furthermore, while the Magistrate's Decision adopted by the Mahoning County Court of Common Pleas did contain some findings as to the amount of damages, including punitive damages, it is unclear whether the court based its findings *solely* on the testimony and documentary evidence presented by the creditor or also relied on the debtor's default, under which all well-pleaded allegations are deemed admitted. *See Huntington Nat'l Bank v. R Kids Count Learning Ctr., LLC*, 2017-Ohio-7837, 97 N.E.3d 1228, ¶ 14 (10th Dist.) (when a defendant fails to contest the factual allegations raised in the complaint, default judgment is appropriate because the defendant has admitted to the facts that establish the plaintiff's claims).

In *In re Sweeney*, the state court had held a hearing on the default judgment, during which the plaintiffs presented three witnesses. *See* 276 B.R. at 188. The hearing transcript was 57 pages long, but the Bankruptcy Appellate Panel for the Sixth Circuit still refused to give issue preclusive effect to the state court judgment, noting

> When all is said and done, the court's *pro forma* recitation may have meant nothing more than that the court was satisfied from the evidence that the *damages* it was awarding were appropriate in amount, assuming that the Debtor was liable due to the default nature of the hearing.
> . . . .
> [W]e can never know whether the court awarded damages based on the evidence presented or merely on the defendant's default[.]

*Id.* at 194 (emphasis in original).

So it is in the present case. Based on the filings from the state court case, this Court cannot be certain that the relevant issues were "actually and directly litigated" and are thus entitled to issue preclusive effect. This case illustrates the wisdom of the Restatement rule. Issues may be pleaded in a default judgment, but they are never actually and directly litigated so long as the court can base its judgment upon the defendant's default. Therefore, the Court finds that the judgment of the Mahoning County Court of Common Pleas does not preclude litigation of the issues raised in this adversary proceeding.

11

The creditor's motion for summary judgment relies solely on the issue preclusive effect of the state court judgment. Without the preclusive effect of that court's findings, there are disputed issues of material fact regarding the elements of nondischargeability under subsection 523(a)(6). Although the creditor notes in her reply brief that the facts of this case are similar to the facts of *O'Brien v. Sintobin (In re Sintobin)*, 253 B.R. 826 (Bankr. N.D. Ohio 2000), this adversary proceeding is in a different procedural posture. In *In re Sintobin*, the creditors obtained a default judgment in state court against the debtors for damaging the creditors' rental property, as well as back rent and legal expenses. *Id.* at 828. But the bankruptcy court's finding of nondischargeability for willful and malicious injury to property under subsection 523(a)(6) came after a trial, during which the parties were afforded the opportunity to present evidence in support of their respective positions. *Id.* Accordingly, the creditor's motion for summary judgment is denied.

CONCLUSION

For the foregoing reasons, the creditor's motion for summary judgment is denied. The March 13, 2019, trial and trial-related deadlines in the scheduling order (Docket No. 22) remain in effect.

IT IS SO ORDERED.

12